## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JERMAINE MARTIN, | § | |
| | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:22-cv-2158 |
| | § | |
| | § | |
| MCGEE COMPANY, | § | |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT MCGEE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE COURT:**

**COMES NOW** Defendant McGee Company, who hereby removes to this Court the civil action filed in the County Court at Law No. 4 of Dallas County, Texas, styled *Jermaine Martin v. McGee Company*, Cause No. CC-22-04216-D, pursuant to 28 U.S.C. §§1331 and 1441(a). Defendant McGee Company herein shows that all prerequisites for removal are satisfied, as follows:

## I. INTRODUCTION AND RELEVANT FACTS

1.     On or about August 3, 2022, Plaintiff Jermaine Martin ("Plaintiff") filed "Plaintiff's Original Petition" in the County Court at Law No.4 in Dallas County, Texas, styled as noted above. (*See* Exhibit A-2).

2.     Plaintiff alleges in the state court proceeding he filed a "Charge of Discrimination with the Equal Employment Opportunity Commission and the Charge was dual filed with the Texas Workforce Commission . . .". (Exhibit A-2, ¶ 25).

3.      Plaintiff's Original Petition also asserts causes of action under Title VII for alleged sex discrimination/sexual harassment, sex discrimination, and discharge. (Exhibit A-2, ¶¶ 50-66)

4.      Defendant McGee Company was served on August 30, 2022. (*See* Exhibit A-3).  Defendant McGee Company is represented by the undersigned counsel.

5.      Plaintiff's causes of action arise out of his employment with Defendant McGee Company.

6.      On September 27, 2022, Defendants filed its Special Exceptions, Plea to the Jurisdiction, Original Answer, and Affirmative Defenses. (*See* Exhibit A-4).

## II. CONSENT TO REMOVAL

7.      Defendant McGee Company represented by the undersigned counsel consents to removal of this case from the state court proceeding to this Federal Court, evidenced by counsel's signature below and the declaration of Chris Tranchetti. (*See* Exhibit B) Counsel has been authorized by Defendant McGee Company to represent to the Court on its behalf that it consents to the removal.

## III. DEFENDANTS' DENIAL OF PLAINTIFF'S CLAIMS

8.      Defendant does not admit, and will contest, if necessary and at the appropriate time, the various allegations in Plaintiff's Original Petition, as noted in Defendant's Special Exceptions, Plea to the Jurisdiction, Original Answer, and Affirmative Defenses.

## VI.  GROUNDS FOR REMOVAL

### A.  There is Federal-Question Jurisdiction

9.      There is federal question jurisdiction under Plaintiff's causes of action.  Federal district courts are courts of limited jurisdiction and have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Because the Plaintiff is the master of his complaint, whether Plaintiff's cause of action presents a federal question "depends on the allegations of the [Plaintiff's] well-pleaded complaint."  *Davoodi v.*

*Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)).

10.     Removal is proper pursuant under 28 U.S.C. §1441(a) because Plaintiff's suit involves issues under federal law.  28 U.S.C. §1331. Plaintiff refers to his Charge of Discrimination ("Charge"), which alleges harassment/hostile work environment. (Exhibit D-1). Plaintiff's Charge was filed with the Equal Employment Opportunity Commission ("EEOC").  *Id.* Plaintiff's Charge alleged race, sex, and sexual orientation discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.  *Id.* The EEOC was the only administrative agency to investigate Plaintiff's allegations.  On July 13, 2022, the EEOC issued its Dismissal and Notice of Rights (also known as a Right to Sue Letter). (Exhibit D-2).

11.     Furthermore, a close review of Plaintiff's Original Petition demonstrates he plead facts that give rise to federal jurisdiction. Importantly, Plaintiff invoked federal jurisdiction when he explicitly brought **four** discete causes of action under Title VII.  *See W.H. Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("Subject matter jurisdiction can be created only by pleading a cause of action within the district court's original jurisdiction . . ."); *see Alim v. KBR, Inc.*, Civil Action No. 3;11-CV-1746-N, 2012 WL 12857421, at * (N.D. Tex. March 15, 2022) (stating a plaintiff's complaint must 'affirmatively reveal on its face' such a cause of action in order to trigger the thirty-day removal period); *see e.g.*, *Louisville & Nashville RR Co. v. Mottley*, 211 U.S. 149, 152 (1908) (standing for the proposition that for federal question jurisdiction to exist, a plaintiff's cause of action, as pleaded, must arise under federal law). Consequently, Plaintiff's lawsuit being filed in state court is inappropriate.  Thus, Plaintiff's lawsuit at this point involves federal questions pursuant to 28 U.S.C. §1331 (Federal-Question Jurisdiction).

12.     This Court has Federal-Question Jurisdiction over this action pursuant to 28 U.S.C. §1331

and 28 U.S.C. §1441(a) because this action involves claims arising under the laws of the United

States.  *See Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003).

13.     Pursuant to 28 U.S.C. §1367, this Court may exercise supplemental jurisdiction over any

state law claims pled in the Original Petition.

### B.  Defendant McGee Company Has Met the Requirements for Removal

14.     Defendant McGee Company's Removal is timely.  As noted above, Defendant McGee

Company was served on August 30, 2022.  Defendant McGee Company timely filed this Notice

of Removal ("Notice") within 30 days of the date of service of the petition in the referenced state

court proceeding as required by 28 U.S.C. § 1446(b).  Defendant McGee Company filed this

Notice subject to and without waiving any defenses or objections to Plaintiff's Original Petition

that are allowed under the Federal Rules of Civil Procedure or other applicable law.

15.     Venue is proper in this Court because Plaintiff filed his Original Petition in the County

Court at Law No. 4 in Dallas County, Texas.  The United States District Court for the Northern

District of Texas, Dallas, Division, is the federal judicial district embracing the state court where

Plaintiff filed his Original Petition.  Therefore, venue is proper in this federal district court under

28 U.S.C. § 1441(a).

16.     All pleadings, process, orders, and other filings in the state court action are attached to this

notice as required by 28 U.S.C. § 1446(a). (*See* Exhibit A, A-1-A-4) Defendant McGee Company

has complied with the Northern District of Texas Local Rule 81 for removal by providing the

requisite attachments.

17.     Defendant McGee Company will file its written notice of removal with the Clerk of Court

of the County Court at Law No. 4, Dallas County, Texas, as required by 28 U.S.C. § 1446(d).  A

copy of the written notice is attached hereto as Exhibit C.  Undersigned counsel certifies that a copy of this Notice and the Notice of Removal to state court are being properly served upon Plaintiff by mailing a copy of said pleadings to his counsel of record, Matthew R. Scott, Scott Law Firm PLLC, Founders Square, 900 Jackson Street, Suite 550, Dallas, Texas 75202.

18.      This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service of process and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice or Removal, and all defenses, motions and pleas are expressly reserved.

## V. JURY DEMAND

19.      Plaintiff has made a jury demand in the state court action.

## VI. CONCLUSION

20.      WHEREFORE, to the extent a number of Plaintiff's alleged claims are brought pursuant to Title VII invoking federal question jurisdiction, Defendant McGee respectfully requests the United States District Court for the Northern District of Texas, Dallas Division, accept this Notice of Removal and that it assumes jurisdiction of this cause and issue all further orders and processes as may be necessary to bring all proceedings before this Court.

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By:      _/s/ Angella H. Myers_
         Angella H. Myers
         Texas Bar No. 24027229
         angella.myers@kdvlaw.com
         Sharon S. Gilmore
         Texas Bar No. 24045943

sharon.gilmore@kdvlaw.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone:      (972) 781-2400
Facsimile:      (972) 781-2401

**ATTORNEYS FOR DEFENDANT
MCGEE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certified that a true and correct copy of this document was served upon all counsel via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] hand delivery, [X] Notice of Electronic Court Filing on the **28th** day of **September, 2022**.

/s/ *Angella H. Myers*
Angella H. Myers